UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Donna Swain, as personal
representative of Michael Swain,
deceased,

          Plaintiff,

v.

Resham Singh and Autobahn
Freight Lines,

          Defendants.

_____/

Case No. 13-cv-15287
Hon. Judith E. Levy

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT [71]

This is a case arising out of an automobile accident. Pending is defendants' motion for partial summary judgment on plaintiff's claim for replacement services. (Dkt. 71.)

I.    Legal Standard

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable

jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248. The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.,* 305 F.3d 520, 526 (6th Cir.2002)).

II. Analysis

Plaintiff is suing for damages that resulted from a March 28, 2012 accident in which plaintiff's decedent ran into defendant Singh's slowed or stopped vehicle on the highway and died. Among the recovery sought is recovery for "loss of services." (Dkt. 60 at 7.) Under Michigan's No-Fault Act, any loss of services would fall under M.C.L. § 500.3017(1)(c), which Michigan courts have defined as "replacement services." Section 500.3017(1)(c) defines replacement services as "[e]xpenses not exceeding $20.00 per day, reasonably incurred in obtaining ordinary and necessary services in lieu of those that, if he or she had not been injured, an injured person would have performed during the first 3 years after the date of the accident, not for income but for the benefit of himself or herself or of his or her dependent."

Defendants move for summary judgment[1] on the grounds that the Michigan Supreme Court in *Johnson v. Recca*, 492 Mich. 169 (2012), determined that third parties may not bring claims for "replacement services" under the Michigan No-Fault Act, M.C.L. § 500.3101 *et seq*. Plaintiff argues that her claim is either properly brought under Michigan's Wrongful Death Act, M.C.L. § 600.2922, or that her claim is properly construed as one for survivor's loss benefits.

First, plaintiff's claim must be brought under Michigan's No-Fault Act. Under that Act, "[n]otwithstanding any other provision of law, tort liability arising from the ownership, maintenance, or use within this state of a motor vehicle . . . is abolished," with certain exceptions. M.C.L. § 500.3135(3). Because plaintiff's tort claim for loss of services arises from the use of a motor vehicle by both plaintiff and defendants, her claim must arise under the No-Fault Act, as all other tort claims outside of the No-Fault Act are abolished.

Second, plaintiff's claims for loss of services cannot be brought as survivor's loss claims under Michigan law. A survivor's loss in

---

[1] Defendants style their motion as one for summary judgment under either Fed. R. Civ. P. 12(b)(6) or 56. A motion for summary judgment is properly brought only under Rule 56.

Michigan "consists of a loss, after the date on which the deceased died, of contributions of tangible things of economic value, *not including services*, that dependents of the deceased at the time of the deceased's death would have received for support during their dependency from the deceased if the deceased had not suffered the accidental bodily injury causing death." M.C.L. § 500.3108(1) (emphasis added). A survivor's loss under Michigan law cannot include a claim for services.

The Michigan Supreme Court held in *Recca* that, "in a third-party tort action, damages for replacement services are not recoverable pursuant to MCL 500.3135(3)(c)[.]" *Recca,* 492 Mich. at 176. This is the result because, under the No-Fault Act, a plaintiff may only seek "[d]amages for allowable expenses, work loss, and survivor's loss as defined in [MCL 500.3107 to MCL 500.3110] in excess of the daily, monthly, and 3–year limitations contained in those sections." *Id.* at 175 (citing M.C.L. § 500.3135(3)(c)). Because third parties are expressly permitted to seek only allowable expenses, work loss, and survivor's loss damages under the No-Fault Act, third parties are prohibited from seeking damages related to replacement services, which were excluded from section 500.3135(3)(c).

For the reasons stated above, it is hereby ordered that:

Defendant's motion for partial summary judgment (Dkt. 71) is GRANTED; and

Plaintiff's claim for loss of services under Michigan's No-Fault Act is DISMISSED.

IT IS SO ORDERED.

Dated: March 2, 2015　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 2, 2015.

　　　　　　　　　　　　　　　　　s/Felicia M. Moses
　　　　　　　　　　　　　　　　　FELICIA M. MOSES
　　　　　　　　　　　　　　　　　Case Manager